**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JOHN S. DESMOND,**
**DANA E. WITHERSPOON, and**
**LARRY SANDERS,**

      Plaintiffs,

**v.**                                  **Consolidated Civil Action Nos.**
                                                    **3:06-CV-128 -129 -135**
                                                    **(Judge Bailey)**

**PNGI CHARLES TOWN GAMING, LLC**
**d/b/a CHARLES TOWN RACES & SLOTS,**

      Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>
<u>**GRANTING IN PART AND DENYING IN PART**</u>
<u>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>
<u>**AND GRANTING IN PART AND DENYING IN PART**</u>
<u>**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

      Pending before this Court are Plaintiffs' Motion for Partial Summary Judgment (Doc.

132) and Defendant's Motion for Partial Summary Judgment (Doc. 133).  Both motions

have been fully briefed and are ready for disposition by this Court.  For the reasons

hereinafter stated, this Court will grant in part and deny in part both of the motions.

      These consolidated actions were brought under the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq.*, ("FLSA") by former employees of defendant PNGI Charles Town

Gaming, LLC ("PNGI"), asserting that PNGI violated the FLSA by failing to pay overtime

compensation as required by the Act.  PNGI defended on the basis that the employees

1

were administrative employees who were exempt from the overtime provisions of the FSLA. This Court agreed with PNGI and granted summary judgment in the defendant's favor. 2008 WL 153492 (N.D. W.Va. January 14, 2008). The United States Court of Appeals for the Fourth Circuit disagreed, found the positions not to be exempt from the FLSA overtime provisions, and reversed and remanded the action to this Court. *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 564 F.3d 688 (4th Cir. 2009).

As a housekeeping matter, the plaintiffs have moved for the entry of summary judgment on liability consistent with the decision of the Fourth Circuit. This portion of the plaintiffs' Motion will be **GRANTED**.

With respect to the damage phase of this action, the parties seek ruling on a number of issues:

1.     The calculation of the number of overtime hours attributable to each of the three plaintiffs;

2.     The method of calculating compensation for the unpaid overtime hours;

3.     Whether the plaintiffs are entitled to liquidated damages;

4.     With respect to plaintiff Desmond only, whether the actions of the defendant were wilful such as to provide for a three year statute of limitations; and

5.     Whether the plaintiffs are entitled to recover attorneys fees and costs.

This Court will deal with each issue *seriatim*.

**A.     The Calculation of Overtime Hours.**

It is undisputed that the defendant did not keep time records as to the three plaintiffs. "Section 11(c) of the FLSA requires employers subject to the provisions of the Act to make,

keep, and preserve records of their employees' wages, hours, and other conditions and practices of employment, as prescribed by the Secretary's regulations. 29 U.S.C. § 211(c). These regulations require employers to make, keep, and preserve records of the daily and weekly hours actually worked by their employees, including meal periods in which the employees are not completely relieved from duty, and to make these records available for inspection by the Secretary's representatives. 29 C.F.R. Part 516." *Martin v. Deiriggi*, 1991 WL 323416 (N.D. W.Va. Dec. 12, 1991), *affirmed by* *Martin v. Deiriggi*, 985 F.2d 129 (4th Cir. 1993).

The Fourth Circuit, in a decision written by Associate Justice Powell, stated that "[w]here an employer fails to keep adequate and accurate records of employees' wages and hours as expressly required by the FLSA, the Secretary's burden of showing the extent of uncompensated work is reduced." *Martin v. Deiriggi*, 985 F.2d 129, 132 (4th Cir. 1993), citing *Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

As noted by the Sixth Circuit in *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994):

Addressing the burden of proof for an employee suing for unpaid overtime or wages under the FLSA, the Supreme Court has held:

[W]here the employer's records [of work hours] are inaccurate or inadequate and the employee cannot offer convincing substitutes .... we hold that an employee has carried out his burden if he proves he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a

matter of just and reasonable inference. The burden then
shifts to the employer to come forward with evidence of the
precise amount of work performed or with evidence to negative
the reasonableness of the inference to be drawn from the
employee's evidence. If the employer fails to produce such
evidence, the court may then award damages to the employee,
even though the result be only approximate.

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946),
*superseded by statute on other grounds as stated in **Carter v. Panama
Canal Co.,*** 463 F.2d 1289, 1293 (D.C. Cir.), *cert. denied,* 409 U.S. 1012
(1972); *see **Shultz v. Tarheel Coals, Inc.,*** 417 F.2d 583, 584 (6th Cir. 1969)
(where employees presented evidence of work for which they were
improperly compensated, burden shifted to employer "'to come forward with
evidence of the precise amount of work performed or with evidence to
negative the reasonableness of the inference to be drawn from the ...
evidence.'" (quoting ***Mt. Clemens***)). In ***Mt. Clemens,*** the Supreme Court
noted that it is the *employer* who has the responsibility of keeping records of
hours under the FLSA. 328 U.S. at 687.

19 F.3d at 1132-33.

Similarly, in ***Hunter v. Sprint Corporation***, 453 F.Supp.2d 44, 52-53 (D. D.C. 2006),
the Court held that "where the employer's time records are inaccurate or incomplete, the
plaintiff-employee can make out a *prima facie* case of an FLSA violation by alleging that he

performed work for which he was not properly compensated and then 'produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.' *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946). At that point, the burden shifts to the defendant-employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.' *Id.* at 687-88. The fact that the employee's evidence is merely an approximation is not a bar to recovery. *Id.* at 688; *Reeves v. Int'l Tel. & Tel. Corp.,* 616 F.2d 1342, 1351 (5th Cir. 1980) ('Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a "sufficient basis" for damages.')."

"An award to an employee for overtime compensation pursuant to the FLSA may be appropriate even if the award is only an approximation of the overtime hours actually worked. *Alvarez v. IBP, Inc.,* 339 F.3d 894, 914 (9th Cir. 2003) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946)). Once the employee has carried his burden of showing that he worked overtime hours for which he was not compensated and the only uncertainty is the amount of damages, an employer's failure to keep sufficiently detailed records of the hours worked cannot bar recovery of damages. *Mt. Clemens Pottery,* 328 U.S. at 688. However, even if the employee shows that the amount of hours can be determined based on reasonable inferences, the employer may rebut the employee's reasonable inferences 'with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.' *Id.* at 687-88; *Alvarez,* 339 F.3d at 915." *Tumulty v. FedEx Ground Package*

***System, Inc.***, 2005 WL 1979104 (W.D. Wash. Aug. 16, 2005).

In this case, the determination of the number of overtime hours has been simplified by the parties. The defendant has conceded the number of hours that each employee has worked. See Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment (Doc. 133-1) ("The parties have stipulated to the hours worked in this case, and are simply awaiting a determination of the proper method of calculating damages.").[1]

Accordingly, this Court finds that the number of hours of overtime to be credited to the plaintiffs are as follows: John Desmond - 849.05 hours (1,231.71 if three years); Larry Sanders - 624.99 hours; and Dana Witherspoon - 669.99 hours.

## B.     The Method of Calculating Compensation

"[T]he FLSA has been termed the 'minimum wage/maximum hour law." ***Monahan v. County of Chesterfield***, 95 F.3d 1263, 1266 (4th Cir. 1996). "The FSLA is clearly structured to provide workers with specific minimum protections against excessive work hours and substandard wages." ***Id***. at 1267, citing ***Barrentine v. Arkansas-Best Freight Sys., Inc.***, 450 U.S. 728, 739 (1981). "[T]he 'FLSA should be given a broad reading, in favor of coverage. It is a remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction."" ***Id***., quoting ***Kelley v. Alamo***, 964 F.2d 747, 749-50 (8th Cir. 1992), in turn quoting ***Mitchell v. Lublin, McGaughy & Assocs.***, 358 U.S. 207, 211 (1959).

---

[1] The plaintiffs, in their Memorandum of Points & Authorities in Support of Plaintiffs' Motion for Partial Summary Judgment claimed a different, lesser number of overtime hours (Doc. 132-1). In their Plaintiffs' Memorandum in Response to Defendant's Motion for Summary Judgment (Doc. 134), the plaintiffs then stipulate to the hours pursuant to the defendant's computations.

"Over the past 20 years, courts have adopted two markedly different approaches to calculating back pay in exemption misclassification cases." DeCamp & Tully, *Half-Time or Time and a Half? Calculating Overtime in Misclassification Cases* **Employers Guide to the Fair Labor Statndards Act Newsletter** November, 2008.

One line of authority, exemplified by the decision of the 5th U.S. Circuit Court of Appeals in *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138- 39 (5th Cir. 1988), treats the employee's salary as earned during all hours worked in the workweek. (*See also* **Valerio v. Putnam Assocs. Inc.**, 173 F.3d 35 (1st Cir. 1999); **Mayhew v. Wells**, 125 F.3d 216 (4th Cir. 1997); **Cox v. Brookshire Grocery Co.**, 919 F.2d 354 (5th Cir. 1990); **Torres v. Bacardi Global Brands Promotions, Inc.**, 482 F.Supp.2d 1379 (S.D. Fla. 2007); **Tuck v. Methanex Mgmt., Inc.**, No. 3-04-CV-1720N, 2006 U.S. Dist. LEXIS 13751 (N.D. Tex. 2006); **Peres v. Radioshack Corp.**, No. 02 C 7884, 2005 U.S. Dist. LEXIS 33420 (N.D. Ill. 2005); **Tumulty v. FedEx Ground Package Sys. Inc.**, No. C04- 1425P, 2005 U.S. Dist. LEXIS 25997 (W.D. Wash. 2005); **Saizan v. Delta Concrete Prods. Co.**, 209 F.Supp.2d (M.D. La. 2002); **Donihoo v. Dallas Airmotive, Inc.**, No. Civ. A-3:97-CV-0109P, 1998 U.S. Dist. LEXIS 1417 (N.D. Tex. 1998); **Rushing v. Shelby County Gov't**, 8 F.Supp.2d 737 (W.D. Tenn. 1997); **Zoltek v. Safelite Glass Corp.**, 884 F.Supp.283 (N.D. Ill. 1995)).

. . .

The other line of authority, typified by the ruling of the U.S. District Court for

the District of Columbia in **Rainey v. American Forest & Paper Ass'n**, 26 F.Supp.2d 82, 99-102 (D. D.C. 1998), treats the salary as earned during only the first 40 hours per workweek unless the employer has satisfied all the criteria for the "fluctuating workweek" method of calculating overtime . . .. (*See also* **In re Tex. EZpawn Fair Labor Standards Act Litig.**, 1:07-CV-00553-AWA, 2008 U.S. Dist. LEXIS 53636 (W.D. Tex., June 18, 2008); **Scott v. OTS, Inc.**, 1:02-CV-1950-AJB, 2006 U.S. Dist. LEXIS 15014 (N.D. Ga. 2006); **Hopkins v. Tex. Mast Climbers, LLC**, No. Civ. A. H-04-1884, 2005 U.S. Dist. LEXIS 38721 (S.D. Tex. 2005); **Cowan v. Treetop Enters., Inc.**, 163 F.Supp.2d 930 (M.D. Tenn. 2001); **Dingwall v. Friedman Fisher Assocs.**, P.C., 3 F.Supp.2d 215 (N.D. N.Y. 1998); **Burgess v. Catawba County**, 805 F.Supp. 341 (W.D. N.C. 1992); **Spires v. Ben Hill County**, 745 F.Supp. 690 (M.D. Ga. 1990)).

*Id*.

The line of cases exemplified by **Blackmon v. Brookshire Grocery Co.**, 835 F.2d 1135 (5th Cir. 1988) rely, at least in part, on 29 C.F.R. § 778.114(a).[2] "The language of

---

[2] 29 C.F.R. § 778.114 is an official interpretation by the Department of labor, but not a formally promulgated regulation. **Mayhew v. Wells**, 125 F.3d 216, 218 (4th Cir. 1997). "There is a difference between 'regulations,' such as those contained in 29 C.F.R. pt. 553 and official 'interpretations' of the Department of Labor, such as those contained in 29 C.F.R. pt. 778. *See* **Sherwood v. Washington Post**, 871 F.Supp. 1471, 1480-81 (D. D.C. 1994) (noting that many courts erroneously use these terms interchangeably most likely because both are collectively contained in the Code of Federal Regulations). *Compare* 29 C.F.R. § 553.2(a) (purpose of part 553 is to set forth regulations to carry out FLSA provisions) with 29 C.F.R. § 778.1 (purpose of part 778 is to provide DOL's official interpretation of overtime provisions of § 207). However, whether the statement is a regulation or an interpretation, as we have previously stated: '[W]e recognize that the

section 778.114 suggests that an employer must meet the following requirements before it can pay an employee pursuant to the fluctuating workweek method: 1) the employee's hours must fluctuate from week to week; 2) the employee must receive a fixed weekly salary that remains the same regardless of the number of hours that the employee works during the week; 3) the fixed amount must be sufficient to provide compensation at a regular rate not less than the legal minimum wage; 4) the employer and the employee must have a clear, mutual understanding that the employer will pay the employee the fixed weekly salary regardless of the hours worked; and 5) the employee must receive a fifty percent overtime premium in addition to the fixed weekly salary for all hours that the employee works in excess of forty during that week. *Griffin v. Wake County*, 142 F.3d 712, 715 (4th Cir. 1998), quoting *Flood v. New Hanover County*, 125 F.3d 249, 252 (4th Cir. 1997) (citing 29 C.F.R. § 778.114 and *Condo v. Sysco Corp.,* 1 F.3d 599, 601-02 (7th Cir.1993)).

As noted above, one of the requirements under § 778.114 is a "clear, mutual understanding that the employer will pay the employee the fixed weekly salary regardless of the hours worked." While some courts have stated that there can be no understanding

interpretation of a statute by the agency charged with its enforcement ordinarily commands considerable deference.' *Watkins v. Cantrell,* 736 F.2d 933, 943 (4th Cir.1984) (citing *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 107 (1979)). Further, '"We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance."' *Id*. at 943 (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134 (1944)); *Ritter v. Cecil County Office of Housing & Community Development,* 33 F.3d 323, 328 (4th Cir. 1994) (citing *Kennedy v. Shalala,* 995 F.2d 28, 30 n. 3 (4th Cir. 1993))." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1273 n. 10 (4th Cir. 1996).

unless it was an understanding "encompassing an understanding that overtime premiums would be paid," *Cowan v. Treetop Enterprises*, 163 F.Supp.2d 930, 942 (M.D. Tenn. 2001), this is not the case in the Fourth Circuit. In the Fourth Circuit, it is only required that the employer and the employee have a clear, mutual understanding that the employer will pay the employee the fixed salary regardless of the hours worked. *Anderson v. County of Kershaw*, 1999 WL 55182, *1 (4th Cir. Feb. 8, 1999); *Flood v. New Hanover County*, 125 F.3d 249, 252 (4th Cir. 1997); *Mayhew v. Wells*, 125 F.3d 216, 221 (4th Cir. 1997); *Bailey v. County of Georgetown*, 94 F.3d 152, 156 (4th Cir. 1996).

Other courts are in accord. *Clements v. Serco, Inc.*, 530 F.3d 1224, 1231 (10th Cir. 2008) (citing *Mayhew*); *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 637 (5th Cir. 2001) (citing *Griffin, supra* and *Bailey, supra)*; *Valerio v. Putnam Associates Inc.*, 173 F.3d 35, 40 (1st Cir. 1999) (citing *Bailey, supra*); *Tumulty v. FedEx Ground Package System*, 2005 WL 1979104 (W.D. Wash. Aug. 16, 2005).

In *Valerio*, the First Circuit stated "Valerio argues that section 114 requires that the 'clear mutual understanding' must extend to how her overtime premiums should be calculated. Because the parties initially agreed that she would not receive any additional payments for overtime hours, no agreement regarding calculation of overtime existed. But the regulation calls for no such enlarged understanding. *See Bailey v. County of Georgetown,* 94 F.3d 152, 156-57 (4th Cir. 1996) (rejecting as 'contrary to the plain language of the FLSA and [Section 114]' the notion that employers and employees who have adopted a fluctuating pay plan must understand the manner in which overtime pay will [be] calculated). The parties must only have reached a 'clear mutual understanding'

that while the employee's hours may vary, his or her base salary will not."

In **Clements**, the Tenth Circuit stated:

The Employees contend § 778.114 requires that the "clear mutual understanding" must extend to how overtime premiums would be calculated. The parties initially agreed that no overtime would be paid; thus, no agreement as to the payment of overtime ever existed. The regulation, however, "calls for no such enlarged understanding." **Valerio v. Putnam Assoc. Inc.,** 173 F.3d 35, 40 (1st Cir. 1999). "The parties must only have reached a 'clear mutual understanding' that while the employee's hours may vary, his or her base salary will not." **Id.**; see also **Bailey v. County of Georgetown**, 94 F.3d 152, 156-57 (4th Cir. 1996) (rejecting the proposition that "an employee must also understand the manner in which his or her overtime pay is calculated" as contrary to the regulation). Thus, our inquiry is whether the Employees and Serco had a clear and mutual understanding that they would be paid on a salary basis for all hours worked.

We agree with the district court that the parties had this clear and mutual understanding. The plaintiffs stated in deposition testimony that they were hired on a salaried basis and that they routinely worked more than forty hours a week. They were neither docked for working less than forty hours a week nor paid more when they worked more than forty hours a week. *See* **Mayhew v. Wells**, 125 F.3d 216, 218-19 (4th Cir. 1997) (explaining employee was salaried where he was neither docked for running personal

errands nor paid more when he worked ten extra hours a week).

530 F.3d at 1230-31.

While the burden of establishing a mutual agreement is on the employer, **Mayhew**, *supra* at 219, that burden may be satisfied in a number of ways. No written acknowledgment is required. **Griffin v. Wake County**, 142 F.3d 712, 716 (4th Cir. 1998).

In **Griffin**, the Fourth Circuit noted that the passage of time could establish the requisite understanding. "This circuit noted in **Monahan v. County of Chesterfield** that 'an employer can also demonstrate the existence of this clear mutual understanding from employment policies, practices, and procedures.' 95 F.3d 1263, 1275 n. 12 (4th Cir. 1996). The EMTs lived with the fluctuating workweek plan for nearly six years before filing this lawsuit in 1996. Thus 'it is clear from [the EMTs'] actions that [they] understood the payment plan in spite of after-the-fact verbal contentions otherwise.' *Id.* at 1281 n. 21." 142 F.3d at 717.

"In **Monahan**, although we ultimately determined that § 778.114 was inapplicable to the case at bar, we noted that the section places the burden on the employer to prove the 'clear mutual understanding' since the section otherwise acts as an exemption to the strict overtime requirements of FLSA. **Monahan**, 95 F.3d at 1281. Nevertheless, the existence of such an understanding may be 'based on the implied terms of one's employment agreement if it is clear from the employee's actions that he or she understood the payment plan in spite of after-the-fact verbal contentions otherwise.' *Id.* at 1281 n. 21. What was dicta in **Monahan**, we now expressly hold." **Mayhew v. Wells**, 125 F.3d 216, 219 (4th Cir. 1997).

In ***Zoltek v. Safelite Glass Corp.***, 884 F.Supp. 283 (N.D. Ill. 1995), the District Court held:

> Where the parties' actions and the circumstances demonstrate that the plaintiff was aware of a particular condition of employment, the employee's acceptance of, and continued, employment manifests acceptance of the condition. ***Williams v. Jacksonville Terminal Co.,*** 315 U.S. 386, 398 (1942); ***Intermountain Rural Elec. Ass'n v. N.L.R.B.,*** 984 F.2d 1562, 1568 (10th Cir. 1993); ***Bodie v. City of Columbia, S.C.,*** 934 F.2d 561, 566 (4th Cir. 1991); ***Brock v. El Paso Natural Gas Co.,*** 826 F.2d 369, 374 (5th Cir. 1987); ***Harrison v. City of Clarksville, Tenn.,*** 732 F.Supp. 810, 814 (M.D. Tenn. 1990). However, if the employee contemporaneously protests, there is no implied agreement to the condition.[3] ***Johnson v. City of Columbia, S.C.,*** 949 F.2d 127, 131 (4th Cir. 1991); ***Beebe v. United States,*** 640 F.2d 1283, 1291 (Ct.Cl. 1981).

In the case at bar, the undisputed facts demonstrate that for almost two and one-half years the parties conducted themselves as if Zoltek were properly classified as an exempt employee. He worked more than forty hours in many weeks and was never compensated for overtime. He never protested the lack of compensation. His hours per week varied considerably and his paycheck was always the same. Therefore, he impliedly consented

---

[3] There is no contention that the plaintiffs contemporaneously protested the lack of overtime. Rather, the issue was first raised subsequent to their termination.

to payment at a fixed sum per week regardless of the hours worked. That the parties never expressly agreed to this arrangement is irrelevant; their agreement is implied from their conduct.

884 F.Supp. at 286.

While the Fourth Circuit has often approved the use of the fluctuating work week plan, it has generally been in the context of an employer who is contemporaneously paying overtime. *Anderson v. County of Kershaw*, 1999 WL 55182 (4th Cir. Feb. 8,1999); *Aiken v. County of Hampton*, 1998 WL 957458 (4th Cir. Sept. 22, 1998); *Griffin v. Wake County*, 142 F.3d 712 (4th Cir. 1998); *Flood v. New Hanover County*, 125 F.3d 249 (4th Cir. 1997); *Bailey v. County of Georgetown*, 94 F.3d 152 (4th Cir. 1996). The only exception is the case of *Mayhew v. Wells*, 125 F.3d 216 (4th Cir. 1997).

In *Mayhew*, the Sheriff of Bedford County was paying its employees pursuant to the fluctuating workweek method. The Court affirmed a determination that Deputy Mayhew was entitled to additional overtime for caring for his dog which was used by the Sheriff's office for tracking.[4] The Fourth Circuit then held that the additional overtime payments would be paid pursuant to the fluctuating workweek method, pursuant to § 778.114.

Other circuits have approved the fluctuating workweek method for awarding damages after a finding that the plaintiff was entitled to overtime. In *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008), the Tenth Circuit applied the fluctuating workweek method to persons whom the employer previously considered exempt from the overtime

---

[4] Summary judgment on liability was granted "after Wells failed to timely present his opposition." *Mayhew*, at 217.

requirements of the FLSA, following 29 C.F.R. § 778.114.

Likewise, in **Valerio v. Putnam Associates, Inc.**, 173 F.3d 35 (1st Cir. 1999), the First Circuit also affirmed the district court's application of the fluctuating workweek method to a person previously considered exempt, citing 29 C.F.R. § 778.114.  The Court noted that "the Supreme Court 'has glossed the governing language ... in the case of "an employee working irregular hours for a fixed weekly wage" where the hours regularly exceeded 40 hours a week.' [**Martin v. Tango's Restaurant, Inc.**, 969 F.2d 1319, 1324 (1st Cir. 1992)] (quoting **Overnight Motor Transp. Co. v. Missel**, 316 U.S. 572, 573-74 (1942)).  This gloss is reflected in the overtime compensation regulations, which provide two methods by which to calculate an employee's 'regular rate' of pay.  The first applies if the employee is paid a fixed weekly salary for a specific number of hours to be worked each week.  29 C.F.R. § 778.113(a) ('Section 113').  The second applies if the employee is paid a fixed weekly salary regardless of how many hours the employee may work in a given week.  *Id.* at § 114(a) ('Section 114')."

In **Blackmon v. Brookshire Grocery Co.**, 835 F.2d 1135 (5th Cir. 1988),  the Fifth Circuit reversed the district court's calculation of damages for a person previously considered exempt.  The Court held that the method used by the district court was "inappropriate when the employer and employee have agreed on a fixed salary for varying hours.  29 C.F.R. § 778.114(a), 29 C.F.R. § 778.109.  The correct method calls for dividing the actual hours worked each workweek into the fixed salary. This results in a determination of the regular rate of pay, Section 6 compensation, for that workweek.  The overtime payment for that week is then determined by multiplying all hours over 40 in the

workweek by 1/2 the regular rate for that workweek.  The amount due each plaintiff will be the sum total of each workweek's overtime during the two-year period of limitations."  835 F.2d at 1138-39 (footnote omitted).

The other line of cases[5] rejects the application of the fluctuating workweek method. In **Rainey v. American Forest & Paper Assoc., Inc.**, 26 F.Supp.2d 82 (D. D.C. 1998), the District Court held that the fluctuating workweek method could not be used to determine damages where the employee was previously considered exempt since the "contemporaneous payment of overtime compensation is a necessary prerequisite for application of the fluctuating workweek method. . .."  26 F.Supp.2d at 100.  The Court in **Rainey** also rejects **Blackmon** as "not supported by any explanation or effort to analyze the relevant statutory and regulatory language.  *Id*.

In **Texas EZPawn Fair Labor Standards Act Litigation**, 2008 WL 2513682 (W.D. Tex. June 18, 2008), the District Court held that the fluctuating workweek method of calculating damages under the FLSA was inapplicable in a misclassification case.  The Court found that § 778.114 was not intended to address remedial situations.   It is interesting to note that in **Rainey**, the Court notes that it "has been unable to locate any statute, regulation, or Department of Labor opinion addressing use of the fluctuating workweek formula as a method for calculating damages, and the parties have cited to none."  *Id*. at *4.

In **Hunter v. Sprint Corp.**, 453 F.Supp.2d 44 (D. D.C. 2006), the District Court

---

[5] The parties have not identified any circuit court cases rejecting the fluctuating workweek method.

considered the issue of "'whether contemporaneous payment of overtime compensation is a necessary prerequisite for application of the fluctuating workweek method,' **Rainey v. Am. Forest & Paper Ass'n**, 26 F.Supp.2d 82, 100 (D. D.C. 1998), or whether instead it is enough that overtime compensation (i.e., the 'extra compensation, in addition to the [fixed] salary,' 29 C.F.R. § 778.114(a)) is made retroactively, as happened here." The Court stated:

> There is a split of authority on this issue. *Compare* **Rainey**, 26 F.Supp.2d at 100 (holding that the FWW requires contemporaneous overtime payment); **Cowan v. Treetop Enter.**, 163 F.Supp.2d 930, 941 (M.D. Tenn. 2001) (same); **Scott v. OTS, Inc.**, No. 02-cv-1950, 2006 WL 870369, at *13 (N.D. Ga. Mar.31, 2006) (same), *with* **Valerio v. Putnam Assocs., Inc.**, 173 F.3d 35, 39-40 (1st Cir. 1999) (holding that the FWW method could be used to retroactively calculate unpaid overtime compensation for an employee who had been mistakenly classified as exempt); **Tumulty v. FedEx Ground Package Sys., Inc.**, No. 04-cv-1425, 2005 WL 1979104, at *5 (W.D. Wash. Aug.16, 2005) (expressly rejecting the reasoning of **Rainey** and holding that the FWW method does not require contemporaneous payment of overtime); **Perez v. RadioShack Corp.**, No. 02-cv-7884, 2005 WL 3750320, at * 8 (N.D. Ill. Dec.14, 2005) (same).[6]

453 F.Supp.2d at 59.

---

[6] The Court in **Hunter** found it unnecessary to resolve the split of authority on other grounds.

In resolving this split of authority this Court is compelled to consider that damages under the FLSA are compensatory in nature. ***Overnight Motor Transp. Co. v. Missel***, 316 U.S. 572, 583 (1942) (liquidated damages are compensation, not a penalty or punishment). Accordingly, the plaintiffs are entitled to recover what they lost.

This Court finds that there did exist a clear, mutual understanding between the plaintiffs and the defendant that the defendant would pay the plaintiffs the fixed salary regardless of the hours worked.[7] Under that understanding, the plaintiffs have already received the regular portion of their overtime hours and are entitled only to receive the one-half time premium for overtime work.[8]

While this decision may mirror the logic of § 778.114, it is not based upon that interpretation. Rather, it is based upon the logic of ***Overnight Motor*** as well as the general tenets of the calculation of compensatory damages.

In reaching this conclusion, this Court is persuaded by the logic of ***Torres v. Bacardi Global Brands Promotions***, 482 F.Supp.2d 1379 (S.D. Fla. 2007). The ***Torres*** case presented the same issue as in this case, i.e. what is the proper measure of damages in a misclassification case where the employee was paid a fixed salary. In finding that the

---

[7] The plaintiffs have argued that the fact that their pay stubs show 40 hours per week is evidence that they were paid an hourly rate rather than a wage for all hours worked. This argument overlooks the fact that they were paid the same salary without regard to how many hours were worked. Such "accounting artifacts" are not relevant to the issue. ***Zoltek v. Safelite Glass Corp.***, 884 F.Supp. 283, 286-87 (N.D. Ill. 1995).

[8] This Court is aware that, in reaching this decision, it is disagreeing with Judge Wilson's decision in ***Brown v. Nipper Auto Parts & Supplies, Inc.***, 2009 WL 1437836 (W.D. Va. May 21, 2009). While this Court has great respect for Judge Wilson, it disagrees that it is impossible for there to be a clear, mutual understanding that the defendant would pay the plaintiffs the fixed salary regardless of the hours worked when the employee was deemed exempt.

plaintiff would receive half-time pay if found not to be exempt, the Court noted that it was not relying on the fluctuating workweek method, but rather on the fact that the plaintiff had already received his regular rate for all hours worked, leaving him only the half-time premium as damages.

The **Torres** Court stated:

In **Overnight Motor Transportation Company v. Missel**, 316 U.S. 572, the Supreme Court held that the employee's "regular rate" would be determined by dividing the number of hours actually worked by the weekly wage. **Id**. at 580 n. 16. *See also* **Kohlheim v. Glynn County, Ga.**, 915 F.2d 1473, 1480 (11th Cir. 1990) ("[regular rate = salary for work period / total hours worked in work period]"). As a result, a non-exempt employee who receives a weekly salary for all hours worked has, by definition, already been paid his "regular rate" for all hours worked in the workweek. Thus, a salaried employee is only owed half-time for any hours worked in excess of forty per workweek.

482 F.Supp.2d at 1380-81.

In a footnote to the above quoted passage, the Court added "'[V]irtually every court that has considered the question' has upheld the remedial use of half-time in failed exemption cases. **Sutton v. Legal Services Corp.**, 11 W.H Cas.2d 401, 404 (D.C. Sup. 2006)."

Similarly, the Court in **Zoltek v. Safelite Glass Corp.**, 884 F.Supp. 283 (N.D. Ill. 1995), relied upon the logic of **Overnight Motor** rather than § 778.114 in reaching the

same conclusion. The Court stated that "the proper method for calculating Zoltek's regular rate is to divide his salary amount per week by the number of hours worked in each week. Having arrived at the regular rate for a given week, Zoltek is entitled to one-half that amount multiplied by the number of overtime hours worked in that week. He is not entitled to time-and-a-half because he has already been compensated at the regular rate for all hours worked. He has only been denied the 50% supplement required for his overtime hours. This is the method of calculating Zoltek's damages proposed by Safelite. Accordingly, Safelite's proposed method for calculating damages is correct." 884 F.Supp. at 287-88 (footnote omitted).

This decision is also supported by the opinion letter from the Department of Labor dated January 14, 2009, filed as Doc. 138, Wage and Hour Opinion Letter FLSA 2009-03 (January 14, 2009), which demonstrates the propriety of using the half-time method in retroactive payments for overtime.

Accordingly, based upon the agreed figures presented, this Court finds that plaintiff John Desmond is entitled to overtime wages in the amount of $6,041.81 ($8,177.83 if the statute of limitations is three years); plaintiff Dana Witherspoon is entitled to overtime wages in the amount of $3,592.08; and plaintiff Larry Sanders is entitled to overtime wages in the amount of $3,212.22.

## C. The Plaintiffs' Entitlement to Liquidated Damages

The next issue presented by the Motions is whether the plaintiffs are entitled to liquidated damages in this case. "An employer who violates the FLSA's overtime compensation requirements ordinarily must pay the employee for his unpaid overtime work, plus 'an additional equal amount as liquidated damages.' 29 U.S.C. § 216(b). Though a

liquidated damages award is 'the norm,'  **Mayhew v. Wells**, 125 F.3d 126, 220 (4th Cir. 1997), if 'the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA] ... the court may, in its sound discretion, award no liquidated damages.'  29 U.S.C. § 260.  Good faith is measured on an objective standard, **Clifton P. Mayhew, Inc. v. Wirtz**, 413 F.2d 658, 661 (4th Cir. 1969), and the employer bears 'the plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict,'  **Burnley v. Short**, 730 F.2d 136, 140 (4th Cir. 1984)."  **Brown v. Nipper Auto Parts & Supplies, Inc**., 2009 WL 1437836 (W.D. Va. May 21, 2009).

"Double damages are the norm, single damages are the exception."  **Tumulty v. FedEx Ground Package System**, 2005 WL 1979104 at *5 (W.D. Wash. Aug. 16, 2005), citing **Local 246 Util. Workers Union of Am. v. S. Ca. Edison Co.**, 83 F.3d 292, 297 (9th Cir. 1996).

"Since 'double damages are the norm, single damages the exception,' our court of appeals has affirmed that 'an employer who has violated the Act bears a substantial burden' of proof."  **Rainey v. American Forest & Paper Ass'n., Inc.**, 26 F.Supp.2d 82, 98 (D. D.C. 1998), citing  **Kinney v. District of Columbia**, 994 F.2d 6, 12 (D.C. Cir. 1993).

"We have previously interpreted the exemption entailed by § 260 to place a 'plain and substantial burden' upon the employer to persuade the court that the 'failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it

would be unfair to impose upon him more than a compensatory verdict.' **Brinkley-Obu** [**v. Hughes Training, Inc.**], 36 F.3d at 357 (quoting **Richard v. Marriott Corp.**, 549 F.2d 303, 306 (4th Cir.), *cert. denied,* 433 U.S. 915 (1977)) (internal quotation marks omitted)." **Mayhew v. Wells**, 125 F.3d 216, 220 (4th Cir. 1997).

In this case, the defendant has agreed that it is obligated to pay liquidated damages, and this Court will award liquidated damages in an amount equal to the lost overtime wages of each plaintiff.

**D.     Wilfulness/Statute of Limitations**

The next issue presented by the Motions is whether the actions of the defendant were wilful, such as to trigger the three year statute of limitations.  This issue relates only to plaintiff John Desmond, since the other plaintiffs' tenures with the defendant were less than two years.

"Ordinary violations of the FLSA are subject to the general 2-year statute of limitations.  To obtain the benefit of the 3-year exception, the [plaintiff] must prove that the employer's conduct was willful."  **Brown v. Nipper Auto Parts & Supplies, Inc**., 2009 WL 1437836, *5 (W.D. Va. May 21, 2009), quoting **McLaughlin v. Richland Shoe Co.**, 486 U.S. 128, 134 (1988).

"The standard for determining willfulness is whether the employer either knew, or showed reckless disregard, as to whether his conduct violated the Act."  **Martin v. Deiriggi**, 985 F.2d 129, 135 (4th Cir. 1993), citing **McLaughlin**, *supra*.

In this case, the evidence of record establishes that the applicable job description generated by the defendant, as well as several revisions thereof, continuously

characterized the plaintiffs' positions as nonexempt from the FLSA overtime requirements. The evidence further establishes that this designation was consistent with information provided by a computer program utilized by the defendant for the purpose of determining the exempt or nonexempt status of any job position. In addition, each job description and revision thereof was reviewed by the human resources department of the defendant's parent corporation and returned, in final form, bearing the notation "nonexempt." Accordingly, the defendant's own records showed the plaintiffs to be nonexempt, yet the employer failed and refused to pay the required overtime. No reasonable juror could find such an action to be anything but wilful.

The defendant argues that its actions were not unreasonable, since this Court erred in finding the job positions to be exempt; a ruling reversed by the Fourth Circuit. In this Court's determination of whether the positions were exempt, this Court considered the job duties and not the titles or designations applied by the employer. "Whether an employee is exempt is determined by the employee's actual work activities, not by the employer's characterization of those activities through a job title or job description." *Hunter v. Sprint Corp.*, 453 F.Supp.2d 44, 51 (D. D.C. 2006) quoting *Cooke v. General Dynamics Corp.,* 993 F.Supp. 56, 61 (D. Conn. 1997).

While the characterization placed on the job is not relevant in determining the FLSA status of the position, the fact that the employer knew the position was not exempt and yet failed to pay overtime is highly relevant to wilfulness.

Accordingly, the three year statute of limitations will be applied to plaintiff Desmond's damages.

**E.    Attorney's Fees and Costs**

There is no dispute that the plaintiffs are entitled to attorney's fees and costs.

**F.    Conclusion**

Based upon the foregoing, it is hereby **ORDERED** as follows:

1.    Plaintiffs' Motion for Partial Summary Judgment (Doc. 132) is **GRANTED IN PART AND DENIED IN PART**;

2.    Defendant's Motion for Partial Summary Judgment (Doc. 133) is **GRANTED IN PART AND DENIED IN PART**;

3.    Judgment is hereby awarded to John Desmond, plaintiff in Civil Action No. 3:06-CV-128, in the amount of $16,355.66, together with pre-judgment interest from and after September 15, 2006, through the date of this Order.  The Clerk is **DIRECTED** to enter judgment accordingly;

4.    Judgment is hereby awarded to Dana Witherspoon, plaintiff in Civil Action No. 3:06-CV-129, in the amount of $7,184.16, together with pre-judgment interest from and after September 15, 2006, through the date of this Order.  The Clerk is **DIRECTED** to enter judgment accordingly;

5.    Judgment is hereby awarded to Larry Sanders, plaintiff in Civil Action No. 3:06-CV-135, in the amount of $6,424.44, together with pre-judgment interest from and after September 15, 2006, through the date of this Order.  The Clerk is **DIRECTED** to enter judgment accordingly; and

6.    The plaintiffs may make application for attorney's fees and costs, first submitting the application to the defendant for consideration within thirty (30) days of the

entry of this Order. If no agreement is reached within thirty days of the submission of the application to the defendant, the plaintiffs shall submit the application to this Court. The defendant shall file its response to the application within seven days of the submission of the application to the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** September 16, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE